UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALUM FUND, LLC and AFLX,
LLC, a Florida limited liability
company,

      Plaintiffs,

v.                                Case No.:  2:23-cv-1159-JLB-KCD

GREATER NEVADA CREDIT
UNION and GREATER
COMMERCIAL LENDING, LLC,

      Defendants.

                                  /

## <u>ORDER</u>

Before the Court is Plaintiffs Alum Fund, LLC, and AFLX, LLC's Amended Motion to Remand to State Court. (Doc. 34.)[1] Defendant Greater Nevada Credit Union has responded in opposition. (Doc. 41.) For the reasons stated below, Plaintiffs' motion is denied.

## I. Background

The parties dispute ownership of an aluminum recycling plant and its fixtures. (Doc. 36.) They litigated in state court for several months before the Credit Union removed the case here. (Doc. 1, Doc. 34.) Removal came after

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Plaintiffs dismissed the Hendry County Tax Collector, thereby creating diversity jurisdiction. (Doc. 1-1, Doc. 34 at 5.)

Plaintiffs now seek remand back to state court because the Credit Union's notice of removal does not comply with 28 U.S.C. § 1446(a) or Local Rule 1.06(b). They allege the notice of removal is deficient under § 1446(a) because it lacks a copy of the amended state court complaint. (*Id.*) And they argue it is deficient under Local Rule 1.06(b) because the Credit Union filed an incomplete record of the state court proceedings. (*Id.*) According to Plaintiffs, these defects require remand because the notice of removal needed to comply with § 1446(a) and Local Rule 1.06(b) before the thirty-day window to seek removal closed. (Doc. 34 at 6.) In response, the Credit Union argues the motion to remand is untimely and their failure to file certain state court documents as part of its notice does not require remand. (Doc. 41.)

## II. Discussion

As the removing party, the Credit Union needed to file copies of "all process, pleadings, and orders served upon" it in the underlying state court litigation. 28 U.S.C. § 1446(a). The Court's Local Rules also require the notice of removal to contain "a legible copy of each paper docketed in the state court." Local Rule 1.06(b).

Despite Plaintiffs' claim to the contrary, the Credit Union complied with § 1446. The amended complaint that Plaintiffs allege was not filed *is* an exhibit to the notice of removal. (Doc. 1-1 at 36-50.)

However, it appears the Credit Union did not file a copy of each paper docketed in the state court, as required by Local Rule 1.06(b). While this is "procedurally incorrect," it does not justify remand. *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *4 (M.D. Fla. Dec. 17, 2020) (Badalamenti, J.).

The Eleventh Circuit has repeatedly found that procedural defects, including the omission of state court filings from the notice of removal, will not defeat an otherwise proper removal. *Hooker v. Sec'y, Dep't of Veterans Affs.*, 599 F. App'x 857, 860 (11th Cir. 2014); *Williams v. Boehrer*, 530 F. App'x 891, 896 (11th Cir. 2013), *FDIC v. N. Savannah Props., LLC*, 686 F.3d 1254, 1257 n.1 (11th Cir. 2012); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009); *Stephens v. State Farm Fire & Cas. Co.*, 149 F. App'x 908, 909-10 (11th Cir. 2005). Instead, the failure to provide copies of each state court filing is a "modal or procedural defect" that is "completely without effect upon the removal, if the case is in its nature removable." *Hooker*, 599 F. App'x at 860.

"In short, [the Credit Union's] alleged failure to perfectly comply with the procedural requirements of the Local Rule is not a basis for an order remanding the case to state court." *Bell*, 2020 WL 7396934, at *4. Although

there is a thirty-day window in which a defendant may file their notice of removal, the removal statute does not contain similar time restrictions for supplementing the state court record accompanying the notice. *See* 28 U.S.C. § 1447. Instead, a party may supplement the record "even after the 30-day removal period has expired." *Mattox v. U.S. Bank Nat'l Ass'n*, No. 2:11-CV-00244-WCO, 2012 WL 13018481, at \*3 (N.D. Ga. Mar. 12, 2012).

Because the Credit Union prevails on the merits, the Court need not consider whether Plaintiffs' motion for remand was timely or not.

Accordingly, it is **ORDERED**[2]:

1. Plaintiffs Alum Fund, LLC, and AFLX, LLC's Amended Motion to Remand to State Court. (Doc. 34) is **DENIED**.

2. Defendant Greater Nevada Credit Union must supplement the record to include "a legible copy of each paper docketed in the state court" as required by Local Rule 1.06(b) by January 31, 2024.

**ENTERED** in Fort Myers, Florida on January 24, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] Because a motion to remand does not address the merits of the case but merely challenges the forum, it is a non-dispositive matter that is appropriately handled by order. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at \*3 (N.D. Ala. June 21, 2007).