UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALUM FUND, LLC and AFLX,
LLC, a Florida limited liability
company,

    Plaintiffs,

v.                                    Case No.:  2:23-cv-1159-JLB-KCD

GREATER NEVADA CREDIT
UNION and GREATER NEVADA
COMMERCIAL LENDING, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Compel Inspection. (Doc. 65).[1] Plaintiffs responded in opposition (Doc. 66), making this matter ripe. For the reasons below, the motion is granted.

## I. Background

This case involves a lien priority dispute over equipment in an aluminum recycling facility owned by Plaintiffs ("Facility"). (Doc. 47.) Defendants claim a priority UCC lien in the equipment, while Plaintiffs allege their security interest lapsed. Shortly after discovery began, and with two months' notice,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Defendants served Plaintiffs with a request to inspect the Facility under Federal Rule of Civil Procedure 34. (Doc. 65-1.) The request states:

> Defendants, GREATER NEVADA CREDIT UNION ("GNCU") and GREATER NEVADA COMMERCIAL LENDING, LLC ("GNCL"), by and through undersigned counsel, request pursuant to Federal Rule of Civil Procedure 34 that on April 30, 2024, at 10:00 a.m., you permit Defendants' attorneys and their consulting expert to enter and inspect the "Facility" and to inspect, photograph, and inventory the "Borrower Property" contained therein as described in Plaintiffs' Third Amended Complaint. You must serve a written response within thirty (30) days after service of this request. Your response must state that inspection and related activities will be permitted as requested or that the requested inspection is objected to, in which event the reasons for your objection must be stated.

(Doc. 65-1 at 1-2.) On the last day, Plaintiffs objected:

> <u>Response</u>: The Plaintiffs object to the Inspection Request on the grounds that this date was not coordinated with the Plaintiffs, and the Plaintiffs are unavailable on April 30, 2024 at 10:00 a.m. Furthermore, to the extent that the Defendants intend to rely on the reports, testimony, or other evidence generated by the consulting expert, the Plaintiffs object to the Inspection Request on the grounds that the Inspection Request fails to disclose the identity of the consulting expert. The Plaintiffs further object to the Inspection Request on the grounds that the Inspection Request is vague and ambiguous and because it fails to identify the manner in which the Facility will be inspected. The details provided in the Inspection Request with respect to the Facility are insufficient to put the Plaintiffs on notice as to the manner of making the inspection or performing the related acts.

(Doc. 65-2 at 2.)

The parties conferred but made little progress. Plaintiffs explained that their objections stem from a history of failed inspections and no-shows by Defendants. (Doc. 65-6.) Plaintiffs thus requested that Defendants provide proof of insurance on the equipment and be reimbursed for the costs incurred

to facilitate the site inspection. (*Id.* at 3.) Defendants challenged Plaintiffs' objections, stating that the conditions (insurance and reimbursement) were unreasonable. (Doc. 65-6 at 2.) After further conferral, Defendants provided additional parameters to address Plaintiffs' concerns:

- The inspection will be conducted by a consulting expert with Defendants' counsel present.

- The method of inspection will be observation and photography. This will include identifying specific serial numbers, models, etc. for property at the facility. However, Defendants will not disassemble or operate any property.

- Ideally, Defendants would also like to appraise the property at the facility during the site inspection. This will be more convenient than scheduling a separate appraisal.

(Docs. 65-3, 65-4.)

Plaintiffs' counsel then responded with their own conditions:

- Defendants' counsel and experts would actually show up for the inspection;

- Defendants would pay for the costs incurred by the inspecting parties;

- Defendants would acquire general liability insurance for the Facility;

- Defendants would provide proof of insurance for the Equipment;

- Defendants would reimburse Steven Anderson, Plaintiffs' counsel, and any other persons whose presence is necessary at the inspection for lodging and travel costs; and

- Defendants would agree to not seek reimbursement of costs associated with the consulting expert and appraiser's inspection of the Facility in any circumstance.

3

(Doc. 65 at 4-5.) Plaintiffs say each condition is "aimed at either preventing further misconduct from Defendants in light of the prior inspections or protecting and ensuring the safety of all those attending the inspection." (Doc. 66 at 10.) Defendants agreed with the first two conditions but objected to the remaining four as unreasonable and not required by Rule 34. Because of this stalemate, Defendants now move to compel an inspection.

## II. Discussion

Federal Rule of Civil Procedure 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A).

A court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion. *See Murphy v. Cooper Tire & Rubber Co.*, No. 5:08CV40/RS/EMT, 2008 WL 3926715, at *3-4 (N.D. Fla. Aug. 21, 2008); *Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2008 WL 4371319, at *1 (S.D. Fla. Sept. 19, 2008).

4

All things considered, the scales tip in Defendants favor, and the inspection may move forward within the parameters they proposed during the meet-and-confer process. While there was apparently a kerfuffle with past examinations at the Facility, those inspections occurred before this lawsuit. That distinction matters because it changes the posture of the dispute. Defendants are now conducting discovery on the claims and defenses. Recognizing that the discovery rules are designed to "allow the parties to develop fully and crystalize concise factual issues for trial," and "are to be broadly and liberally construed," *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973), the Court finds that Defendants' request to inspect the property again is not unreasonable.

The Court also declines to withhold the inspection based on Plaintiffs' concerns about liability insurance and reimbursement. As to insurance, Plaintiffs' response states, "The Defendants have already produced documentation . . . evidencing insurance coverage covering any liability related to the Borrower Property and have already represented that they are agreeable to signing waivers to protect the Plaintiffs from any liability of any incident that may occur during the inspection." (Doc. 66 at 12.) Given this, any concerns about insurance are not a basis to preclude the inspection.

Finally, Defendants have the stronger position on reimbursement. (Doc. 65 at 11-12.) They will not be compelled to pay for travel and lodging expenses

for either Plaintiffs' counsel, agents, or representatives (including Steven Anderson). And Defendants' counsel acknowledged that it would not seek reimbursement of costs associated with the inspection but reserves the right to pursue expert costs upon prevailing in the lawsuit. The Court finds such a position reasonable.

One last ancillary issue. Defendants request fees and expenses under Rule 37, which contemplates fee-shifting if a motion to compel is granted. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds Plaintiffs' objection to the inspection substantially justified, and thus no such relief is warranted here. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (explaining that "an individual's discovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action").

It is thus **ORDERED**:

1. Defendants' Motion to Compel Inspection (Doc. 65) is **GRANTED** under the conditions above.

2. The parties must confer and agree on mutually agreeable date(s) and time(s) for Defendants to inspect the property.

6

**ORDERED** in Fort Myers, Florida on May 1, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record