UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALUM FUND, LLC, and AFLX,
LLC, a Florida limited liability
company,

    Plaintiffs,

v.                                                    Case No.:  2:23-cv-1159-JLB-KCD

GREATER NEVADA CREDIT
UNION and GREATER NEVADA
COMMERCIAL LENDING, LLC,

    Defendants.
_____/

## ORDER

Plaintiffs move to stay this case and abstain jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (Doc. 58.)[1] Defendants have responded, making this matter ripe. (Doc. 62.) For the reasons below, the motion is denied without prejudice.

Under *Colorado River*, a federal court may abstain if a parallel proceeding (*i.e.*, substantially the same parties and substantially the same issues) is pending in state court and reasons concerning judicial administration demand abstention. *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

1140 (11th Cir. 2013). "[W]hile abstention as a general matter is rare, *Colorado River* abstention is particularly rare[.]" *Id.*

A parallel case between the parties is pending in this Court. *See Alum Fund, LLC v. Greater Nevada Credit Union, et al.*, No. 2:24-cv-184-JLB-KCD. In that case, the undersigned granted Plaintiffs' motion to remand, but Rule 72 objections to the order are pending. Given the objections, the parallel suit remains here.

As Plaintiffs acknowledge, for *Colorado River* abstention to apply, there must be a pending, parallel state court proceeding. That element is absent here. While Plaintiffs claim they seek relief "assum[ing] that the Remand Motion will be granted, and the Foreclosure Action remanded back to the State Court," this caveat is not enough. (Doc. 58 n.3.) The presence of a parallel state court proceeding is necessary for abstention to be ripe. *See Fisher v. O'Brien*, No. 09 Civ. 42, 2010 WL 1269793, at *4 (E.D.N.Y. Mar. 9, 2010) ("Defendants' argument that the Court should decline to exercise jurisdiction pursuant to [*Colorado River*] is now moot as there is no parallel state court proceeding pending."). Thus, the Court denies the motion without prejudice to be refiled if the procedural posture changes to support abstention.

One final matter concerning the case's procedural posture. Because Rule 72 objections are pending in the parallel foreclosure case, the Court finds that judicial economy and efficiency favor staying this case until those objections

are resolved. At that time, the parties can inform the Court what further proceedings are necessary.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Stay Proceedings (Doc. 58) is **DENIED WITHOUT PREJUDICE**.

2. This case is **stayed**, and the Clerk is directed to add a stay flag to the docket. The Clerk is further directed to terminate any pending motions and deadlines and administratively close the case.

3. The Court will set this matter for a status conference to discuss further proceedings once the Rule 72 objections are resolved in 2:24-cv-184.

**ENTERED** in Fort Myers, Florida on July 9, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record